# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## (TEXARKANA DIVISION)

| | |
|---|---|
| **GHJ HOLDINGS, LLC**<br>                    **Relator,**<br><br>                    **vs.**<br><br>**WAL-MART STORES, INC. AND**<br>**LOUISVILLE BEDDING**<br>**COMPANY**<br>                    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 5:10-cv-239

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator GHJ Holdings, LLC ("Relator") alleges as follows:

## NATURE OF THE CASE

1.    This is an action for false patent marking under section 292 of the Patent Act (35 U.S.C. §292), which provides that any person may sue to recover the civil penalty for false patent marking.  Relator brings this qui tam action on behalf of the United States of America.

- 1 -
ORIGINAL COMPLAINT

## PARTIES

2.      Relator is a Texas limited liability company with its principal place of business in Texarkana, Texas.

3.      Defendant Wal-Mart Stores, Inc. is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4.      Defendant Louisville Bedding Company is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Relator's false marking claims under Title 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, Defendants' persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through their sales in the Eastern District of Texas.

7.     This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have violated Title 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas.   Further, on information and belief, Defendants have sold falsely marked products in competition with sellers of competitive products in the Eastern District of Texas. Such sales by Defendants are substantial, continuous and systematic.

8.     Venue is proper in this District under Title 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## FACTS

9.     Defendants have marked and/or continues to mark their products, including their Mainstays™ Memory Foam Combo (Model Nos. 2210156, 2267985, 2267992 and 2267999) (collectively, the "Falsely Marked Products") with expired or otherwise inapplicable patents, including at least U.S. Patent No. 4,862,538 (the "'538 Patent") and Canadian Patent No. 1301377 (the "'377 Patent"), (collectively "Expired Patents").

10.    Such false marking by Defendants includes marking the Expired Patents upon, affixing the Expired Patents to, and/or using the Expired Patents in advertising in connection with the Falsely Marked Products.

ORIGINAL COMPLAINT

11.    The '538 Patent issued on September 5, 1989, from a continuation patent application filed on October 22, 1986.   The '538 Patent expired no later than October 22, 2006.   Nevertheless, Defendants have marked one or more of the Falsely Marked Products with the '538 Patent after October 22, 2006.

12.    The '538 Patent was originally assigned to Span-America Medical Systems, Inc.  No assignments are on record to have been made to Defendants.

13.    The '377 Patent is titled "Mult-section Mattress Overlay For Systematized Pressure Dispersion."   The '377 Patent was filed on October 6, 1987 from application  549192 and issued on May 19, 1992, from the Canadian Intellectual Property Office.  The '377 Patent expired on or about May 19, 2009.

14.    The '377 Patent was originally assigned to Span-America Medical Systems, Inc.  No assignments are on record to have been made to Defendants.

15.    Defendants have falsely marked the Falsely Marked Products after the expiration of dates of the Expired Patents.   For example, Defendants placed the Expired Patents on Falsely Marked Products by listing them on the packaging of their products.

16.    Defendants have marked the Falsely Marked Products by printing the Expired Patents on packaging associated with the Falsely Marked Products.  Such

markings could have easily been updated to reflect accurate patent information. Defendants could have easily remarked their products with correct patents numbers, but decided not to.

17.     Furthermore, Defendants advertise the Falsely Marked Products on their packages that they are covered by "patented construction."  Defendants knew that no patent covered the False Marked Products, but marked it "patented" to deceive the public.

18.     It was a false statement for Defendants to mark the Falsely Marked Products with expired or otherwise inapplicable patents.  Defendants knew that the patent was expired or otherwise inapplicable, but nevertheless marked them on their products after it expired in an attempt to deceive the public.

19.     Defendants are large, sophisticated companies.  Defendants have, and/or regularly retain, sophisticated legal counsel.  Defendants has many years of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant Wal-Mart Stores, Inc. is assignee to twenty-two ("22") patents according to the United States Patent and Trademark Office.  Defendant Louisville Bedding Company is assignee to eight ("8") patents according to the United States Patent and Trademark Office.  The

ORIGINAL COMPLAINT

patents that Defendants own or have licensed, including the Expired Patents, were or are important assets to Defendants and are consistently reviewed and monitored in the course of Defendants' business.

20.     Defendants knew that a patent that is expired does not cover any product.

21.     Defendants knew that it was a false statement to mark the Falsely Marked Products with an expired or otherwise inapplicable patent and state on the Falsely Marked Products that they are covered by "patented construction."

22.     Defendants did not have, and could not have had, a reasonable belief that their products were properly marked, and Defendants knew or should have known that the aforementioned patents had expired.

## <u>INJURY IN FACT TO THE UNITED STATES</u>

23.     Defendants' practice of false marking is injurious to the United States.

24.     The false marking alleged above caused injuries to the sovereignty of the United States arising from Defendants' violations of federal law, specifically, the violation of 35 U.S.C. §292(a).  The United States has conferred standing on "any person," which includes Relator, as the United States' assignee of the claims in this complaint to enforce section 292.

25.    The false marking alleged above caused proprietary injuries to the United States, which, together with section 292, would provide another basis to confer standing on Relator as the United States' assignee.

26.    The marking and false marking statutes exist to give the public notice of patent rights.  Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

27.    Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas that are, in reality, a part of the public domain—such as those described in the Expired Patents.

28.    Congress's interest in preventing false marking was so great that it enacted a statute that sought to encourage private parties to enforce the statute.   By permitting members of the public to bring *qui tam* suits on behalf of the government, Congress authorized private persons like Relator to help control false marking.

29.    The acts of false marking alleged above deter innovation and stifle competition in the marketplace for at least the following reasons: if an article that is within the public domain is falsely marked, potential competitors may be

- 7 -
ORIGINAL COMPLAINT

dissuaded from entering the same market; false marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

30.    The false marking alleged above misleads the public into believing that the '538 Patent gives Defendants control of the Falsely Marked Products (as well as like products), placing the risk of determining whether the Falsely Marked Products are controlled by such patents on the public, thereby increasing the cost to the public of ascertaining who, if anyone, in fact controls the intellectual property embodied in the Falsely Marked Products.

31.    Thus, in each instance where a representation is made that the Falsely Marked Products are protected by the Expired Patents, a member of the public desiring to participate in the market for products like the Falsely Marked Products must incur the cost of determining whether the involved patents are valid and enforceable.  Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other

information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

32.    The false marking alleged in this case also creates a misleading impression that the Falsely Marked Products are technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

33.    Every person or company in the United States is a potential entrepreneur with respect to the process, machine, manufacture, or composition of matter described in the Expired Patents.   Moreover, every person or company in the United States is a potential competitor with respect to the Falsely Marked Products marked with the Expired Patents.

34.    Each Falsely Marked Product or advertisement thereof, because it is marked with or displays the Expired Patents, is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives), which views such marking from commercializing a competing product, even though the Expired Patents nothing to prevent any person or company in the United States from competing in commercializing such products.

35.    The false marking alleged in this case and/or advertising thereof has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

36.    The false marking alleged in this case constitutes wrongful and illegal advertisement of a patent monopoly that does not exists and, as a result, has resulted in increasing, or at least maintaining, the market power or commercial success with respect to the Falsely Marked Products.

37.    Each individual false marking (including each time an advertisement with such marking is accessed on the Internet) is likely to harm, or at least potentially harms, the public.  Thus, each such false marking is a separate offense under 35 U.S.C. §292(a).

38.    Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. §292(b).

39.    For at least the reasons stated in paragraphs 2 to 38 above, the false marking alleged in this case caused injuries to the sovereignty of the United States arising from violations of federal law and has caused proprietary injuries to the United States.

ORIGINAL COMPLAINT

## CLAIM

40.   For the reasons stated in paragraphs 2 to 39 above, Defendants have violated

section 292 of the Patent Act by falsely marking the Falsely Marked Products with

intent to deceive the public.

## PRAYER FOR RELIEF

41.   Relator thus requests this Court, pursuant to 35 U.S.C. §292, to do the

following:

A.   enter a judgment against Defendants and in favor of Relator

that Defendants have violated 35 U.S.C. §292 by falsely marking

products with knowledge that the patents have expired for the purpose

of deceiving the public;

B.   order Defendants to pay a civil monetary fine of $500 per false

marking offense, or an alternative reasonable amount determined by

the Court taking into consideration the total revenue and gross profit

derived from the sale of falsely marked products and the degree of

intent to falsely mark the products, one-half of which shall be paid to

the United States and the other half to Relator;

C.      enter a judgment declaring that this case is "exceptional," under

35 U.S.C. §285 and award in favor of Relator, and against

Defendants, the costs incurred by Relator in bringing and maintaining

this action, including reasonable attorneys' fees;

D.      order that Defendants, their officers, agents, servants,

employees, contractors, suppliers, and attorneys be enjoined from

committing new acts of false patent marking and be required to cease

all existing acts of false patent marking within 90 days; and

E.      grant Relator such other and further relief as the Court may

deem just and equitable.

## JURY DEMAND

42.     Relator demands a jury trial on all issues so triable.

Dated: December 23, 2010                Respectfully submitted,

                                        /s/ Randall T. Garteiser
                                        Randall T. Garteiser
                                          Texas Bar No. 24038912
                                          randall@glgnow.com
                                        Christopher Johns
                                          Texas Bar No. 24044849
                                          chris.johns@glgnow.com
                                        GARTEISER LAW GROUP
                                        44 North San Pedro Road
                                        San Rafael, California 94903

- 12 -
ORIGINAL COMPLAINT

[Tel.] (415)785-3762
[Fax] (415)785-3805

**ATTORNEYS FOR GHJ HOLDINGS, LLC**

ORIGINAL COMPLAINT